## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 15-CV-0663-CVE-TLW |
| | ) | |
| THE DOE RUN RESOURCES | ) | |
| CORPORATION and NL | ) | |
| INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION AND ORDER

Now before the Court is Proposed Plaintiff-Intervenor ASARCO LLC's Motion to Intervene

and Brief in Support (Dkt. # 8).  ASARCO LLC (ASARCO) seeks leave to intervene in this case

to protect its right to contribution under the Comprehensive Environmental Response,

Compensation, and Liability Act, 42 U.S.C. § 9601 et seq. (CERCLA).  Neither plaintiffs nor

defendants entirely oppose ASARCO's motion to intervene, but the United States of America and

The Doe Run Resources Corporation (Doe Run) oppose ASARCO's request for discovery and an

evidentiary hearing.  Dkt. ## 26, 27.

On November 20, 2015, plaintiffs United States of America and State of Oklahoma filed this

case against Doe Run and NL Industries, Inc. (NL Industries) seeking to recover response costs that

have been or may be incurred for the cleanup of hazardous substances at the Tar Creek Superfund

Site (Tar Creek).  Tar Creek is an area of about 40 square kilometers in Ottawa County, Oklahoma

that was once one of the site of substantial lead and zinc mining, and it was known as the Tri-State

Mining District.  Dkt. # 2, at 4.  Mining operations began in the late 1800s and mining operations

continued until the 1950s, but the peak period of mining activity was in the 1920s. Id. Mining companies left waste materials in the form of chat and fine tailings as a bi-product of the processing of milling ore, and the chat and fine tailings contain lead, zinc, and cadmium. Id. at 5. One of the mining companies that operated at Tar Creek was Kansas Explorations, Inc. (Kansas Explorations), and Kansas Explorations was subsequently acquired by St. Joseph Lead Company (St. Joseph). Id. at 2. Doe Run is the successor in interest to St. Joseph. Id. St. Louis Smelting and Refining Company (St. Louis Smelting) operated in Tar Creek from 1917 to 1944, and its mining and milling operations resulting in the production of waste containing hazardous substances. Id. at 3. St. Louis Smelting was a subsidiary of the National Lead Company (NLC), and it formally became a division of NLC in 1948. Id. NL Industries is the successor in interest to NLC. Id.

On the same day the complaint was filed, plaintiffs also filed a notice of lodging of consent decree (Dkt. # 3) stating that a proposed consent decree would resolve plaintiffs' claims against Doe Run and NL Industries and the proposed consent decree would be published in the Federal Register for a period of 30 days to solicit public comments. Dkt. # 3. ASARCO filed a motion to intervene (Dkt. # 8) requesting leave to intervene as of right, because it has a right to contribution under CERCLA that will be impaired if the Court approves the proposed consent decree. The United States filed a response stating that it did not oppose ASARCO's request to intervene as of right, but it argued that ASARCO's participation in the case should be limited to "briefing its opposition to entry of the proposed Consent Decree, with concomitant appellate rights." Dkt. # 17, at 6. In reply, ASARCO claims that the United States is attempting to "handicap [ASARCO's] efforts to provide a complete record to this Court by limiting [ASARCO's] role," and ASARCO asks the Court to allow ASARCO to conduct "targeted discovery" and participate in an evidentiary hearing. Dkt. #

19, at 2-3.  The United States and Doe Run have filed sur-replies in opposition to ASARCO's request to take discovery and for an evidentiary hearing.  Dkt. ## 26, 27.

Plaintiffs filed this case seeking to hold Doe Run and NL Industries liable under CERCLA for response costs that already have been or may be incurred in the future.  "In 1980, Congress enacted [CERCLA] in response to the serious environmental and health risks posed by industrial pollution."  Burlington Northern & Santa Fe Ry. Co. v. United States, 556 U.S. 599, 602 (2009). "CERCLA's principal aims are to effectuate the cleanup of hazardous waste sites and impose cleanup costs on responsible parties."  New Mexico v. General Elec. Co., 467 F.3d 1223, 1244 (10th Cir. 2006). CERCLA is remedial legislation and it should be construed broadly to carry out the purpose of cleaning up hazardous waste.  Atlantic Richfield Co. v. American Airlines, Inc., 98 F.3d 564, 570 (10th Cir. 1996).  Liability for the cleanup of hazardous waste under CERCLA is joint and serveral, but CERCLA encourages potentially responsible parties (PRPs) to settle their liability for cleanup and recovery costs to the United States or a State by cutting off the right of other PRPs to seek contribution from a settling party.  See United States v. Burlington Northern R. Co., 200 F.3d 679, 697 (10th Cir. 1999).  Public policy favors the early settlement of a PRP's CERCLA liability through the use of consent decrees.  In re Tutu Water Wells CERCLA Litigation, 326 F.3d 201, 209 (3d Cir. 2003); United States v. Union Elec. Co., 934 F. Supp. 324, 332 (E.D. Mo. 1996); United States v. ASARCO, Inc., 814 F. Supp. 951, 954 (D. Colo. 1993); In re Acushnet River & New Bedford Harbor Proceedings re Alleged PCB Pollution, 712 F. Supp. 1019, 1030 (D Mass. 1989). A district court must approve a consent decree that is "reasonable, consistent with CERCLA's goals, and substantively and procedurally fair."  United States v. George A. Whiting Paper Co., 644 F.3d 368, 373 (7th Cir. 2011).

3

ASARCO requests leave to intervene in this case to contest the proposed consent decree. Under Fed. R. Civ. P. 24(a), "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  To intervene as of right, a party seeking to intervene must show that "(1) the application is 'timely'; (2) 'the applicant claims an interest relating to the property or transaction which is the subject of the action'; (3) the applicant's interest 'may as a practical matter' be 'impaired or impeded'; and (4) 'the applicant's interest is [not] adequately represented by the existing parties.'" United States v. Albert Inv. Co., Inc., 585 F.3d 1386, 1391 (10th Cir. 2009).  In the context of a CERCLA case, a party has a sufficient interest for the purpose of intervention as of right if the district court's approval of a consent decree would cut off that party's right to seek contribution from the settling defendants. Id. at 1393.  The "notice and comment mechanism" does not provide an adequate forum for a party with a right to contribution to contest a proposed consent decree, because the government "is free to ignore the comments." Id. 1398-99.  This does not mean that a party seeking to intervene has any right to "veto" a proposed consent decree, and the issue before the district court is whether the proposed consent decree is reasonable, fair, and consistent with CERCLA. Id. at 1398.

Neither plaintiffs nor defendants entirely oppose ASARCO's request to intervene, but the United States and Doe Run ask the Court to limit ASARCO's role to filing a brief in opposition to the proposed consent decree.  ASARCO responds that the Court should permit "targeted discovery" as to the procedural and substantive fairness of the proposed consent decree, and ASARCO claims

that it will not be able to assist the Court with the evaluation of the proposed consent decree unless it is permitted to participate in an evidentiary hearing.

The Court will initially consider whether ASARCO is permitted to intervene as of right under Rule 24(a). ASARCO's motion to intervene was filed on March 28, 2016, or about 4 months after the case was filed, and no pretrial activities have occurred since the filing of the case. The Court finds that ASARCO's motion to intervene was timely. As to the second factor, the Tenth Circuit established in Albert Investment Co. that a PRP seeking to preserve its statutory right to contribution under CERCLA has a sufficient interest in the proceedings when approval of a proposed consent decree would cut off that right to contribution. Albert Inv. Co., 585 F.3d at 1398. ASARCO previously settled its CERCLA liability for Tar Creek and it has a statutory right to contribution that would be cut off as to Doe Run and NL Industries if the proposed consent decree is approved, and the Court finds that ASARCO has a sufficient interest in the proceedings to support its request for intervention as of right. ASARCO's right to contribution would clearly be impaired if the Court were to approve the proposed consent decree, because ASARCO could no longer seek contribution from Doe Run or NL Industries. This satisfies the third factor for intervention as of right. Finally, the existing parties will not adequately represent ASARCO's interest in preserving its right to contribution, because they have entered into a settlement agreement that would extinguish ASARCO's right to contribution from Doe Run and NL Industries. ASARCO has satisfied all four factors for intervention as of right and the Court finds that ASARCO should be permitted to intervene under Rule 24(a).

The Court has found that ASARCO should be permitted to intervene, but Rule 24 permits the Court to consider whether any conditions or restrictions should be imposed to ensure the

"efficient conduct of the proceedings." <u>San Juan County, Utah v. United States</u>, 503 F.3d 1163, 1190 (10th Cir. 2007).  A party that has been permitted to intervene must be permitted to fully participate in the litigation, but a district court has the discretion to deny discovery or an evidentiary hearing.  <u>Albert Inv. Co.</u>, 585 F.3d at 1398.  An evidentiary hearing is not required when ruling on a motion to approve a consent decree, and the mere fact that a party has been permitted to intervene does not "grant the [intervenor] an unconditional right to an evidentiary hearing." <u>United States v. Union Elec. Co.</u>, 132 F.3d 422, 430 (8th Cir. 1997).  There are no bright line rules that a district court must follow as to procedure in evaluating a proposed consent decree, but the "procedures chosen [must] provide the Court with sufficient information to intelligently evaluate the settlement." <u>City of New York v. Exxon Corp.</u>, 697 F. Supp. 677, 692 (S.D.N.Y. 1988).

ASARCO argues that it will be unable to assist the Court with evaluating the fairness of the proposed consent decree unless it is permitted to conduct "targeted discovery."  The proposed discovery would include interrogatories as to any formula used to calculate the amount of the settlements with Doe Run and NL Industries, the type and amount of contaminants each PRP deposited at Tar Creek, and the necessary remediation at the site. Dkt. # 19, at 6.  ASARCO would seek to depose representatives of Doe Run, NL Industries, and the EPA. <u>Id.</u>  In addition, ASARCO would serve requests for production of documents concerning the volume of contaminants each PRP is responsible for and documents relating to many aspects of the remediation of Tar Creek.  <u>Id.</u> ASARCO's reply suggests that the proposed discovery would include these items but it is not clear if this is the full extent of discovery that would be sought by ASARCO.  The United States responds that the parties considered the avoidance of discovery and protracted litigation as part of the settlement, and the burdensome discovery proposed by ASARCO would significantly undermine

the value of the settlement to the parties.  Dkt. # 27, at 2.  In addition, the United States asserts that ASARCO is already in possession of a substantial amount of evidence concerning the amount and nature of the contaminants present in Tar Creek due to ASARCO's prior settlement and its participation in the drafting a joint response to inquires by the EPA.  Id.  Doe Run also argues that ASARCO, Doe Run, and NL Industries were named as defendants in personal injury lawsuits between 2001 and 2012, and ASARCO participated in "exhaustive discovery" in those personal injury lawsuits.  Dkt. # 26, at 3.

The Court finds that it would be premature to allow discovery or set this matter for an evidentiary hearing, and ASARCO's request for "targeted discovery" and an evidentiary hearing should be denied.  ASARCO's motion to intervene and reply show that it is already in possession of a substantial amount of evidence concerning the amount of contaminants deposited by various mining companies at Tar Creek and the likely costs of cleanup efforts at Tar Creek.  These are the primary factors in assessing whether the proposed settlements are reasonable and consistent with the goals of CERCLA. The United States points out that ASARCO participated in the drafting of submissions to the EPA and many of the records sought by ASARCO in discovery are public records, and ASARCO will be able to fully contest the fairness of the proposed consent decrees without discovery from plaintiffs or defendants.  The Court also questions whether the discovery sought by ASARCO can be described as "targeted," and allowing ASARCO to engage in lengthy discovery would cause the settling parties to incur substantial costs and delay possible approval of the settlement.  Part of the benefit of settling a CERCLA claim is to avoid the substantial costs and delay associated with litigation and this would deprive the settling parties of a key benefit of settling. The Court will direct the parties to submit a proposed briefing schedule for approval of the proposed

7

consent decree and, following completion of the briefing, the Court will determine if an evidentiary hearing would be necessary or helpful.

**IT IS THEREFORE ORDERED** that Proposed Plaintiff-Intervenor ASARCO LLC's Motion to Intervene and Brief in Support (Dkt. # 8) is **granted in part** and **denied in part**: ASARCO's request to intervene as a matter of right is granted, but ASARCO's request for discovery and an evidentiary hearing is denied.

**IT IS FURTHER ORDERED** that ASARCO may file a complaint in intervention no later than **November 3, 2016**.

**IT IS FURTHER ORDERED** that the parties shall submit a proposed briefing schedule for consideration of the fairness of the proposed consent decree no later than **November 10, 2016**.

**DATED** this 27th day of October, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE